IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
IN ADMIRALTY

CIVIL ACTION NO.:  4:16-cv-01671-RBH

IN THE MATTER OF:

The Complaint of ATLANTIC WATERSPORTS, INC., as Owner of a 2013 Bombardier bearing Hull Identification Number YDV42788L213, its Engines, Tackle, Appurtenances, Equipment, Etc., in a cause of Exoneration from or Limitation of Liability,

Petitioner.

**ORDER FOR *AD INTERIM* STIPULATION, MONITION AND INJUNCTION**

A Complaint having been filed herein by Petitioner, ATLANTIC WATERSPORTS, INC., as Owner of a 2013 Bombardier bearing Hull Identification Number YDV42788L213, its Engines, Tackle, Appurtenances, Equipment, & Etc. (the "Vessel") pursuant to Rule F, Supplemental Rules for Certain, claiming the benefit of exoneration from or limitation of liability as provided for in the Act of Congress embodied in 46 U.S.C. §30501 *et seq*., together with all statutes supplementary thereto and amendatory thereof, and also contesting liability independently of the limitation of liability claim under said Acts, Treaty or code for any loss, damages, death(s), personal injuries, damage or destruction of property or other occurrences arising from the incident described in said Complaint which occurred on or about July 27, 2013, in navigable waters of the United States off Atlantic Beach, North Myrtle Beach, South Carolina as more fully described in the Complaint and said Complaint also stating the facts and circumstances on which such exoneration from or limitation of liability is claimed;

And Petitioner having deposited with the Court as security for the benefit of Claims, an *Ad Interim* Stipulation of Costs and Value not less than or equal to the amount of value of its interest in the Vessel, as required by the rules of this Court and by law;

IT IS ORDERED AND ADJUDGED that the *Ad Interim* Stipulation for Value and Costs, assessing the value of the Plaintiff's interest in the Vessel, her pending freight if any, in the amount of $7,600.00, and including costs of court and interest at the rate of up to six percent (6%) per annum from the date hereof, and filed herein by Petitioner, be and hereby is accepted as adequate security, and is approved as to form and content;

IT IS FURTHER ORDERED AND ADJUDGED that Petitioner and any Claimant who may properly become a party hereto may contest the amount of value of Petitioner's interest in the Vessel as fixed in the *Ad Interim* Stipulation for Value and Costs, subject to such increases or decreases in the amount of said stipulation, together with adequate security, as the court may from time to time order according to the rules and practices of this Court may adjudge;

IT IS FURTHER ORDERED AND ADJUDGED that if the amount of said *Ad Interim* Stipulation for Value and Costs is not contested by any Claimant herein, said *Ad Interim* Stipulation for Value and Costs shall stand as a stipulation for value and an appraisal will not be required; and

NOW, THEREFORE, it is ordered that a Monition and Injunction issue out of and under seal of this Court against all persons or corporations claiming damage for any and all loss, destruction, damage, injuries, and/or death caused by or resulting from the casualty set forth in the Complaint herein, citing them to file their respective claims with the Clerk, United States District Court for the District of South Carolina, **on or before July 6, 2016**, and to serve on Plaintiff's attorneys, Richard S. Dukes, Jr., c/o Turner Padget, 40 Calhoun Street, Suite 200, Charleston, South Carolina 29401, a copy thereof, or be defaulted and if any claimant desires to contest Plaintiff's right to exoneration from or limitation of liability, Claimant shall file and serve

2

on Plaintiff's attorney an answer to the Complaint, on or before said date, in this Court or be defaulted; and

IT IS FURTHER ORDERED that a public notice of said Monition be given by publication as required by Supplemental Rule F, once a week for four successive weeks in the Horry Independent prior to the date fixed for filing of claims in accordance with Supplemental Rule F and that not later than the second weekly publication, a copy of said notice be mailed by the Plaintiff to every person or corporation known to have a claim against Plaintiff arising out of the accident set forth in the Complaint; and

IT IS FURTHER ORDERED, that the commencement or further prosecution of any actions, suits or legal proceedings in any court whatsoever, and the institution and prosecution of any suits, actions or legal proceedings, of any nature or description whatsoever, in any court whatsoever, except in these proceedings, against Plaintiff, the vessel, or any other property of Plaintiff with respect to any claims for which Plaintiff seeks exoneration from or limitation of liability herein, including any claim arising out of, or connected to the casualty set forth in the Complaint herein, be and the same are hereby STAYED, ENJOINED AND RESTRAINED until the final determination of this proceeding or further order of this court; and

IT IS FINALLY ORDERED, that the service of this Order as a restraining Order may be made in the usual manner as any other district of the United States by delivery to the Marshal of the United States for such District of a certified copy of this Order on the person or persons to be restrained or to the respective attorneys, or alternatively by mailing a conformed copy of it to the person or persons to be restrained or their respective attorneys.

IT IS SO ORDERED.

June 6, 2016                                               s/ R. Bryan Harwell
Florence, South Carolina                                   R. Bryan Harwell
                                                           United States District Judge

3